UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES GEORGE HARLAN and | * | |
| SUZANNE DANNA HARLAN | * | |
|     Plaintiffs | * | ADVERSARY |
| | * | PROCEEDING |
| v. | * | NO. 13-01033 |
| | * | |
| TERRI MARIE ROBINSON, RC PROPERTY | * | HONORABLE JUDGE |
| INVESTMENTS, LLC, and MICHELLE | * | JERRY BROWN |
| ROBINSON, as TRUSTEE for the BRADEN | * | SECTION "B" |
| AND MICHELLE ROBINSON CHILDREN'S | * | |
| TRUST | * | |
|     Defendants | * | |

_____

| | | |
|---|---|---|
| LEAD CASE: | * | CASE NO. 12-12569 |
| | * | |
| IN RE: | * | SECTION "B" |
| | * | |
| BRADEN PAUL ROBINSON and | * | CHAPTER 7 |
| MICHELLE THIBODAUX ROBINSON | * | |
|     Debtors | * | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER
JURISDICTION AND FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED, and MOTION
<u>FOR SUMMARY JUDGMENT BASED ON PRESCRIPTION</u>**

MAY IT PLEASE THE COURT:

Adversary proceeding defendants, Terri Marie Robinson, RC Property Investments, LLC, and Michelle Robinson, as Trustee for the Braden and Michelle Robinson Children's Trust, respectfully file this Reply Memorandum in Support of their motions in order to reply to new factual statements and averments of adversary plaintiffs made in their opposition memorandum which require a response/reply.

1

**A. Lack of Subject Matter Jurisdiction**

In the plaintiffs' opposition (Adv. R. Doc. 15), plaintiffs make many incorrect assumptions and misstatements which further prove that plaintiffs have no legitimate, legal basis for asserting their novel state law claims (unrelated to the underlying debtors) in this Honorable Bankruptcy Court. As the plaintiffs recognize in their opposition, this Court only has jurisdiction to hear an adversary complaint if the allegations in and the relief sought from that complaint are related to the pending bankruptcy proceeding. A matter is "related to" the bankruptcy case if the adversary proceeding's outcome may "both 1) alter the rights, obligations, and choices of action of the debtor, and 2) have an effect on the administration of the estate." *Bass v. Denney*, 171 F.3d 1016, 1022 (5th Cir. 1999).

First, despite plaintiffs' rambling rhetoric regarding the alleged shortcomings of the underlying debtors, plaintiffs fail to reveal how their claims included in their Adversary Complaint relate in any way to the bankruptcy proceeding of the underlying debtors. The exclusive object of plaintiffs' Adversary Complaint is to revoke the April 15, 2010 assignment of a promissory note/mortgage between adversary defendant, Terri Robinson, and adversary defendant, RC Property Investments, LLC (which is owned by the Braden and Michelle Robinson Children's Trust). The underlying debtors are not even named as parties in the Adversary Complaint, and this act of transfer between two (2) non-debtor/third-parties is wholly unrelated to the bankruptcy case. Moreover, should this Court (or any other Court) revoke the assignment and order the ownership of the note back to its original holder (Terri Robinson), such would have no effect upon the underlying debtors' acts or the administration of the bankruptcy estate. The note/mortgage would simply be held again by its original owner.

Plaintiffs aver that if plaintiffs were somehow to become the holders of the

note/mortgage, that plaintiffs would accept something less than the face value. (Adv. R. Doc. 15, p. 8). However, even if the April 15, 2010 assignment were judicially revoked, the note/mortgage would not just be given to the plaintiffs simply because they are judgment creditors of Terri Robinson. Rather, the note/mortgage would have to be seized and sold by the U.S. Marshal or the Orleans Parish Sheriff's Office in accordance with Louisiana law. Therefore, there is no guarantee that plaintiffs would recover the note/mortgage at the judicial sale or somehow one day be in a position to reduce it, and to suggest the same is nothing more than mere conjecture by plaintiffs. Notwithstanding, this novel (yet desperate) attempt by the plaintiffs to circumvent Louisiana State law and procedure should not be endorsed by this Honorable Bankruptcy Court as an alternative avenue for enforcing state law judgments wholly unrelated to the underlying debtors in this bankruptcy case.[1]

Second, in their opposition, adversary plaintiffs surprisingly question the validity of the original note/mortgage notwithstanding the fact that such would render the plaintiffs' claims for enforcement of the note/mortgage as moot.[2] Additionally, the alleged conflict that plaintiffs attempt to raise in their opposition between the underlying debtors and their counsel is wholly unrelated to this Adversary Proceeding and the third-party adversary defendants herein, and such certainly does not establish subject matter jurisdiction for the Bankruptcy Court to adjudicate state law claims between non-debtor, third-parties that does not involve the underlying debtors.[3]

---

[1] Even so, none of these claims of accepting something less than the face value are included in the plaintiffs' Adversary Complaint, and such should therefore not even be considered by the Court.

[2] It is also important to note that the objection to the note/mortgage by the Bankruptcy Trustee (to which the plaintiffs repeatedly refer in their opposition) has been withdrawn by the Trustee at this time. (R. Doc. 46, 7/1/13).

[3] It is also prudent to note that the RC Property Investments, LLC Operating Agreement states that the management of the LLC is vested in its sole member, the Braden and Michelle Robinson Children's Trust, not its counsel. (Exhibit B to Harlan Adversary Complaint, Section 5.1, pp. 4-5; Adv. R.Doc. 1-1).

And third, plaintiffs' suggestion that plaintiffs would accept something less than the face value of the note/mortgage (should they somehow become owners of the note) would not have any effect upon the bankruptcy estate. According to the debtors' Voluntary Petition, the family home in encumbered with a $180,000 first mortgage, is subject to a $35,000 homestead exemption, and is valued at $275,000. Thus, even if the second mortgage was reduced to $100,000 (as plaintiffs attempt to offer), there would still be no available equity in the home for other creditors. With no other recoverable assets, the seizure of the note/mortgage by plaintiffs (even if legally viable) would not alter the estate in any way.

Consequently, a revocation of the note/mortgage would not affect the actions of the underlying debtors or affect the bankruptcy estate in any way. The underlying debtors are not named as defendants in plaintiffs' Adversary Complaint, and there exists no subject matter jurisdiction in this Honorable Bankruptcy Court to decide these state law claims between non-debtor/third-parties. Based upon all of the above and the law and argument contained in defendants' original memorandum in support, adversary defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction should be granted.

**B. Prescription**

For the first time in this Adversary Proceeding, the plaintiffs make two (2) new additional factual allegations regarding prescription which further prove the unreasonableness of the plaintiffs' acts. First, the plaintiffs aver that the money judgment from the 19th JDC in favor of plaintiffs against Terri Robinson and Braden Robinson was first obtained way back on December 8, 2008 in the amount of $15,000.00. (Adv. R. Doc. 15, p. 2, fn. 1). The plaintiffs also aver for the first time in their opposition that September 24, 2012 was the date that plaintiffs first

obtained knowledge of the promissory note/mortgage and it subsequent assignment.[4] (Adv. R. Doc. 15, p.13-14, Exhibits A & B). Plaintiffs also contend that they did not conduct any investigation of the Orleans Parish public records regarding Terri Robinson, the other adversary defendants, or Braden Robinson until September 2012 (almost 4 years after the 19th JDC money judgment was first obtained). (Adv. R. Doc. 15, Exhibit B). These new factual allegations are important to these proceedings, and they establish the following undisputed timeline.

**December 8, 2008** – Plaintiffs obtain a money judgment against Terri Robinson and Braden Robinson from the 19th JDC for $15,000.00. (Adv. R. Doc. 15, p. 2, fn. 1).

**June 30, 2010** – Plaintiffs learn that the 19th JDC money judgment is increased to $101,852.77. (Adv. R. Doc. 15, p. 4).

**October 25, 2010** – The 19th JDC renders a new written judgment for $101,852.77 in favor of plaintiffs against Terri Robinson and Braden Robinson. (Adv. R. Doc. 15, p. 4).

**February 18, 2011** – Plaintiffs conduct a Judgment Debtor Examination of Braden Robinson. (Adv. R. Doc. 15, Exhibits A & B).

**March 4, 2011** – As a result of the JD Rule, plaintiffs obtain a list of 46 properties owned by Braden Robinson and/or Michelle Robinson which included 8417 Panola Street in New Orleans. (Adv. R. Doc. 15, Exhibit B).

**September 2012** – Plaintiffs conduct a search of the Orleans Parish public records regarding the promissory note/mortgage at issue. (Adv. R. Doc. 15, Exhibit B).

**April 15, 2013** – Plaintiff file their Adversary Complaint seeking a revocation of the assignment of the promissory note/mortgage that was executed three (3) years prior.

---

[4] Again, the assignment of the note/mortgage was recorded in the Orleans Parish public records over two (2) years earlier on May 10, 2010.

Based upon this undisputed timeline which includes the new factual allegations (that are not included in the plaintiffs' Adversary Complaint), adversary defendants reply as follows:

First, the plaintiffs' Adversary Complaint is indeed prescribed on its face because the plaintiffs do not allege in the Adversary Complaint that plaintiffs first learned of the note/mortgage assignment on September 24, 2012. By omitting this allegation from their Adversary Complaint (and failing to make any other allegation regarding plaintiffs' actual knowledge of the note/mortgage assignment), one can only look to the other relevant dates included in the Complaint which are (1) the date of assignment (April 15, 2010)(Adv. R. Doc. 1, p. 4, par. 18), and (2) the filing date of the Complaint (April 15, 2013). (Adv. R. Doc. 1). Because more than one (1) year passed between these dates (actually 3 years), the Adversary Complaint is prescribed on its face, and plaintiffs therefore bear the burden of proving that the case is not prescribed.

Second, after obtaining a money judgment against Terri Robinson and Braden Robinson on <u>December 8, 2008</u> from the 19th JDC in the amount of $15,000.00, the plaintiffs admit that they (either individually or through their multiple counsel) did not conduct any investigation of the public records for almost four (4) years (namely until September 2012). Even after learning on June 30, 2010 that the 19th JDC money judgment was being increased to a sum in excess of $100,000.00, it is undisputed that the plaintiffs still did not conduct any investigation of the public records regarding either of their "judgment debtors" for over two (2) years thereafter. And, after obtaining a list of properties of Braden Robinson and Michelle Robinson on March 4, 2011 (which included the 8417 Panola Street property secured by the note/mortgage at issue), the plaintiffs admit that they still did not conduct any investigation of the public records to determine if the property had been alienated or encumbered for approximately one and a half (1 ½) years

6

thereafter.[5]  Despite the plaintiffs' attempt in their opposition to confuse the issues and/or facts with personal attacks upon the underlying debtors (who are not even parties to this Adversary Proceeding), the unreasonableness of the plaintiffs' acts and their lack of action for many years cannot be denied.

The Louisiana Supreme Court has held that the knowledge sufficient to start the running of prescription is the "acquisition of sufficient information, which, if pursued, will lead to the true condition of things."  *Wells v. Zadeck*, 89 So. 3d 1145, 1151 (La. 3/30/12), <u>citing</u> *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 246 (La. 10/19/10).  The Court has further held that, "the ultimate issue in determining whether a plaintiff had constructive knowledge sufficient to commence a prescriptive period is the reasonableness of the plaintiff's action or inaction in light of his education, intelligence, and the nature of the defendant's conduct.  *Wells v. Zadeck*, 89 So. 3d 1145, 1151 (La. 3/30/12), <u>citing</u> *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 246 (La. 10/19/10).

Although the Louisiana Supreme Court held in *London Towne Condominium Ass'n v. London Towne Co.*, 939 So. 2d 1227 (La. 10/17/06) that the act of recordation alone does not start the running of prescription in a "revocatory" case, the Court held that "the date of recordation may be a relevant consideration if, based on the facts and circumstances of the case, the obligee knew or should have known of the recordation." *London Towne Condominium Ass'n v. London Towne Co.*, 939 So. 2d 1227, 1234 (La. 10/17/06).  Even more, the Louisiana Supreme Court specifically held that "one example of an act that would provide constructive notice where a transfer has been recorded would be a ***judgment debtor examination where the creditor learns of the debtor's property but fails to investigate whether it has been transferred to a third***

---

[5] Adversary plaintiffs never conducted or even requested a Judgment Debtor Examination of Terri Robinson.

*party.*" *Id.* at 1234 (footnote 6)(emphasis added).

Therefore, plaintiffs' undisputed failure to investigate the public records of their "judgment debtors" for many, many years after obtaining a substantial money judgment as far back as December 8, 2008 is wholly unconvincing to excuse the plaintiffs for filing their Adversary Complaint well beyond the one (1) year limit. The plaintiffs even conducted a Judgment Debtor Examination and learned of the property at issue (8417 Panola Street) in February/March 2011, and plaintiffs still did nothing to investigate whether the property had been transferred or encumbered for approximately another one and half (1 ½) years thereafter. For purposes of reasonableness, fairness and even policy, the plaintiffs should not be allowed to engage in such proverbial "putting one's head in the sand" for years and years, and then be allowed to claim that they were unaware of the note/mortgage assignment recorded in the Orleans Parish public records on May 10, 2010. In theory, the plaintiffs' argument suggests that plaintiffs could have waited decades before filing a "revocatory" suit simply by deciding not to go to the courthouse to investigate the property of their "judgment debtors" from a money judgment dating as far back as December 2008.

Therefore, based upon all of the above and the law and argument contained in defendants' original memorandum in support, the plaintiffs either knew or should have known of the promissory note/mortgage assignment in October 2010 when the final Judgment of the 19th JDC was signed, or at the latest, in March 2011 when the judgment debtor examination occurred and they learned of the property at 8417 Panola Street. Pursuant to Louisiana law and Rule 56 of the Federal Rules of Civil Procedure, plaintiffs' Adversary Complaint is prescribed and summary judgment should be granted dismissing plaintiffs' claims in their entirety with prejudice.

Respectfully submitted,

/s/   Murray A. Roth, Jr.
MURRAY A. ROTH, JR. (La. #24206)
Murray A. Roth, Jr., APLC
179 Highway 22 East, Suite 400
Pineapple Executive Complex
Madisonville, Louisiana 70447
Tel: 985-845-2601
E-mail: rothlegal@yahoo.com
Attorney for Adversary Proceeding
Defendants, Terri Marie Robinson,
RC Property Investments, LLC, and
Michelle Robinson, as Trustee for the
Braden and Michelle Robinson Children's Trust

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2013, undersigned counsel for defendants electronically filed the foregoing pleading with the Clerk of Court via the CM/ECF system which will automatically send notice of electronic filing to all counsel of record.

/s/  Murray A. Roth, Jr.
MURRAY A. ROTH, JR.